Gary A. Starre, Esq. SBN: 72793
LAW OFFICES OF STARRE & COHN
15760 Ventura Boulevard, Suite 801
Encino, California 91436
Telephone: (818) 501-7827
Facsimile: (818) 501-0249
gastarre@gmail.com

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MIRELLA JEFFERS,<br><br>      Plaintiff,<br><br>Vs.<br><br>BARBERA MANAGEMENT CORPORATION, and DOES 1 – 10 inclusive<br><br>      Defendants | Case No. 2:14-cv-00787-RGK-ASx<br><br>Answer to Complaint<br><br>Date: no hearing set<br>Time:<br>Courtroom: 850<br><br>Assigned to: Hon. R. Gary Klausner |

    In response to Plaintiff's complaint, defendant BARBERA MANAGEMENT CORPORATION alleges and denies as follows:

ANSWER

1

1. In response to paragraph 1 and 4 of plaintiff's complaint, defendant admits that the action is for injunctive relief and damages, and generally and specifically denies all other allegations contained therein.

2. In response to paragraphs 2, 10, 22, 22 and 23 of plaintiff's complaint, defendant does not have sufficient information upon which to admit or deny the allegations, and generally and specifically denies all allegations contained therein.

3. In response to paragraphs 3, 7, 8, 11, 12, 17, 18, 19, 21 24, 25, 26 27, 28, 29, 31, 32, 33, 35, 36, 37, 41, 42 and 43 of plaintiff's complaint, defendant generally and specifically denies allegations contained therein.

4. In response to paragraph 5 of plaintiff's complaint, defendant admits the allegations contained therein.

5. In response to paragraph 6 of plaintiff's complaint, defendant admits that the claims as alleged place venue in this district, and generally and specifically denies all other allegations contained therein.

6. In response to paragraph 9 of plaintiff's complaint, defendant admits that it is the manager at 8919 Longden Avenue, Temple City, California 91780, a multi-family dwelling, and generally and specifically denies all other allegations contained therein.

7. In response to paragraph 13 of plaintiff's complaint, defendant admits that plaintiff, together with an adult roommate moved into the unit around early May 2013, and generally and specifically denies all other allegations contained therein.

8. In response to paragraph 16 of plaintiff's complaint, defendant admits that there was a discussion and negotiation concerning the rental due date, and generally and specifically denies all other allegations contained therein.

9. In response to paragraph 20 of plaintiff's complaint, defendant admits that plaintiff was assessed $40 late fee for August and October 2013, and for January and April 2014, and a $40 NSF fee in October 2013, all of which was

later refunded, and generally and specifically denies all other allegations contained therein.

10. In response to paragraphs 39 and 40 of plaintiff's complaint, defendant admits that Civil Code Section 54.1 speaks for itself, and generally and specifically denies all other allegations contained therein.

11. In response to paragraphs 30, 34 and 38 of plaintiff's complaint, which are incorporation paragraphs, defendant incorporates its responses to the incorporated paragraphs.

**Affirmative Defenses**

1. Plaintiff's complaint fails to state sufficient facts to state a claim for relief.

2. Plaintiff's disability claim was not such that it required any accommodation in that it did not discriminate in the ability to rent, or otherwise make unavailable or deny, a dwelling to the plaintiff as the result of any handicap as set forth in 42 USC §3604(f) or any other provision of law, nor deny her the fully enjoyment of the premises.

3. The lease term agreed upon by the plaintiff, the plaintiff's room mate (who is not claiming to be disabled) on the one hand, and the defendant on the other hand, which provided for rent due on the 1st of the month did not deny or infringe upon plaintiff's ability to fully use or enjoy her housing.

4. At no time did defendant ever discriminate against plaintiff on the basis of her disability, as provided for in California Civil Code § 12955 or any other provision of law.

5. At no time did defendant ever make unavailable or deny plaintiff a dwelling based on discrimination because of her disability as provided for in California Civil Code § 12955 or any other provision of law.

6. At no time did defendant ever coerce, intimidate, threaten, or interfere with plaintiff in the exercise or enjoyment of, or on account of her having

exercised or enjoyed, or on account of her having added or encouraged any other person in the exercise or enjoyment of any right to full use and enjoyment of the premises, as provided for in 42 USC §3604(f), California Civil Code § 12955 et seq. or any other provision of law.

7. At no time did defendant ever deny or restrict plaintiff from full and equal access as other members of the general public, to all housing accommodations offered for rent or lease for compensation, as provided for in California Civil Code § 54.1 et seq. or any other provision of law.

8. Defendant's refusal to accommodate the request was reasonable in that defendant has many tenants who received and depended on social security and other government assistance benefits to pay their rent. It is unreasonable to require defendant to have a different rent due date for each such tenant based on the date of the receipt of their funds, when it is not unreasonable to require that such tenants budget to pay the full rent by the first of each month.

9. Defendant's refusal to accommodate plaintiff's request was reasonable in that it requested defendant to discriminate against all other tenants who received social security and depended on those payments to pay their rent.

10. Plaintiff's request for an accommodation was not reasonable nor necessary, because she knew rent was required to be paid on the first day of each month when she commenced the tenancy, at a time when she already suffered from a disability. Plaintiff moved in and thereafter paid rent on time for the first 8 months before becoming late.

11. Plaintiff's disability is an not a reasonable reason for an adjustment of the rent payment date from the 1st of the month, because her receipt of checks on the 3rd of each is no different than any non-disabled person who gets paid on a date after the 1st of each month.

12. Plaintiff's disability is an not a reasonable reason for an adjustment of the rent payment date from the 1st of the month because plaintiff's non-disabled

co-tenant, Sage Lanning, is and was a co-signer on the lease and separately responsible for the rent, who had an obligation to pay the rent by the 1st of the month, like all other tenants in the complex.

13. There is no requirement under any law that defendant respond to plaintiff's demand letters.

14. Defendant is informed and believes and thereon alleges that plaintiff's action is frivolous, unreasonable and/or groundless, entitling defendant to recover attorney fees.

15. Defendant has incurred and will continue to incur attorney fee and costs.

Wherefore, Defendant prays for judgment as follows:

1. That plaintiff takes nothing by way of this suit;

2. For reasonable attorney fees and costs of suit;

3. For such other and further relief as the Court deems proper.

Date: June 16, 2014          /s/     Gary A. Starre
                             STARRE & COHN, APC
                             By: GARY A. STARRE
                             Attorney for Defendant   BARBERA
                             MANAGEMENT CORPORATION