CENTER FOR DISABILITY ACCESS
Mark Potter, Esq., SBN 166317
Michelle Uzeta, Esq., SBN 164402
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
michelleu@potterhandy.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Mirella Jeffers**, <br><br> Plaintiff, <br><br> v. <br><br> **Barbera Management Corporation and Does 1-10 inclusive,** <br><br> Defendants. | Case 2:14-cv-00787-RGK-AS <br><br> ~~[Proposed]~~ **Protective Order** |

By agreement of the parties hereto, pursuant to the Amended Stipulation for Protective Order filed concurrently herewith, and for good cause shown, it is hereby ORDERED:

1. In order to expedite the flow of discovery materials, facilitate the prompt resolution of disputes over confidentiality, adequately protect material containing information which a party contends is to be kept confidential and serve the speedy ends of justice, a protective order for such information is prudent and necessary.

2. When used in this order, the term "Confidential Information"

means any and all information regarding or relating to the medical condition or ability of Plaintiff Mirella Jeffers no matter from whom it is obtained or by whom it is obtained.  When used in this order the term "Confidential Material" means all written, recorded, or graphic matter, however produced, reproduced, or maintained, including all information kept in electronic, magnetic, or photographic form, and all other tangible items which a party contends disclose confidential information, including all non-identical copies and drafts.

3. A party shall designate a document or other written information as Confidential Material by stamping each page of the document, or the portions of the document which are believed to warrant confidential protection with the following legend: **"CONFIDENTIAL"**. Recordings, photographs, and other tangible items warranting confidential protection shall be similarly marked.

4. Counsel for a party may designate any deposition transcript or portion of any deposition transcript as Confidential by so stating on the record or by giving notice in writing to the other parties within 30 days of receipt of the deposition transcript, prior to which time the entire deposition transcript shall be treated by the parties as Confidential.  In either of the foregoing instances, the stenographer shall be instructed to place the word "CONFIDENTIAL" on the first page and portions of the original and all copies of the transcripts containing any Confidential Information.  In addition, unless otherwise arranged in advance by the parties, attendance at any deposition shall be limited to those persons entitled to receive Confidential Materials pursuant to this Order.

5. When used in this Order, the term "Covered Persons" includes

only the following: (1) the named plaintiffs, defendants, cross-complainants and cross defendants in this litigation; (2) the named counsel for all parties in the litigation, including members of counsel's legal or support staff (e.g. associates within counsel's firm, in-house investigators, secretaries, legal assistants, paralegals and law clerks), to the extent reasonably necessary for such persons to render assistance in this litigation; (3) the court and its personnel; (4) court reporters and their staff, professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this litigation; and (5) experts retained or consulted by counsel for any party to assist in the preparation, prosecution, or evaluation of this litigation including copy service personnel, insurance carriers and adjusters.

6.   Absent a further order of the Court, those documents marked as Confidential Materials, as described in paragraph 4, shall not be used for any purpose other than the prosecution or defense of this captioned action, and shall not be shown, disseminated or disclosed in any manner to anyone other than Covered Persons without the prior written agreement of a party or order of the Court after due notice to the party.  Any person receiving Confidential Materials in the course of this litigation will use reasonable care to safeguard and preserve the confidential character of such information and prevent it from being communicated.

7.   Before disclosing any confidential information pursuant to the above paragraph, counsel shall first obtain from such person a signed "Written Assurance" in the form attached hereto as "Exhibit A."  Counsel shall maintain a list of all such recipients of confidential information to whom this paragraph applies and the original of all Written Assurance non-disclosure agreements required pursuant to this paragraph.  Counsel shall provide copies of each Written Assurance to the counsel for Plaintiff within

two (2) working days of its execution and prior to the disclosure of the confidential information.  Counsel for Defendants shall not be required to disclose the actual identity of any expert they retain or consult with until it is determined that such expert will be a witness at trial.  All consulting experts shall be required to execute the Written Assurance and counsel for Defendants shall forward the same to counsel for Plaintiff, along with all materials provides, at the conclusion of the litigation.

8.   In the event a party to this litigation seeks to file or lodge Confidential Material with the Court for any purpose, the party, prior to filing or lodging such documents, first notify all parties in writing of such intent. This notice shall identify each document or other tangible item the party intends to file or intends to lodge with the Court.  The designating party shall then have ten (10) days from the mailing of the notice to file or lodge Confidential Material to serve a Notice of Intent to Seal.  The designating party shall then have fifteen (15) days from the mailing of the Notice of Intent to Seal to file and serve a motion or an application for an order to have the records sealed pursuant to Local Rule of Court 79-5.1.  If the designating party serves a Notice of Intent to Seal, and thereafter files such a motion or application to have the Confidential Material filed under seal, and during the pendency of such motion, the receiving party shall refrain from filing or lodging such materials with the Court until the Court rules on the designating party's motion or application.

9.   A deponent may, during his or her deposition, be shown, and examined about material a party contends is Confidential Material or Confidential Information, if the deponent agrees to comply with the provisions of this Protective Order.  If any material a party contends is Confidential Material is sought or referred to in the course of a deposition, that portion of the deposition shall be treated as Confidential Material.

[Proposed] Protective Order

10. If any party objects to the designation of any record as Confidential Material, that party shall first notify all other parties in writing within 30 days of receipt of the Confidential Material, specifying the factual and legal basis for the objection. Any motion challenging the designation of Confidential Material must be made no later than sixty (60) days following the receipt of Confidential Material.

11. Filing Confidential Material: Any party that seeks to file under seal any material designated as Confidential must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge.

12. Meet and Confer/Discovery Motion: Any party challenging a confidentiality designation or a party's intent to file confidential matters with the Court, including applications to file such documents under seal, must initiate the dispute resolution process under Local Rule 37-1 et. seq. Any discovery motion must strictly comply with the procedures set forth in Local Rules 37-1, 37-2 and 37-3. The burden of persuasion in any such challenge proceedings shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (eg., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

13. Information and documents subject to this Order and any duplicates thereof may not be used for any purpose other than the prosecution or defense of this lawsuit.

14. This Order shall not limit the right of the parties to apply for

further protective orders or modification or extension of this Order, and shall not restrict the use by the parties of its own information.

15. Within thirty (30) days of the final termination of this litigation (the earlier of execution of settlement agreement or entry of judgment), counsel shall return to counsel of record for a designating party all Confidential Material, including all copies of Confidential Material, produced pursuant to the Protective Order. Counsel for the parties shall also contact all persons who have executed Written Assurances and direct the return of all confidential documents, including all copies of confidential documents to counsel of record for a designating party. Accompanying the return of all confidential documents, counsel for all parties shall provide to counsel of record for a designating party executed Certifications in the form attached hereto as Exhibit B (executed by counsel) and Exhibit C (executed by each expert and anyone else who had access to such Confidential Material). Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information. Any such archival copies that contain or constitute Confidential Information remain subject to this Protective Order.

16. A document, recording, photograph, or other tangible item warranting confidential protection that contains Confidential Information as identified in this stipulated protective order shall not lose its confidential status solely because it was inadvertently not marked by the parties as Confidential.

17. The inadvertent, unintentional, or in camera production of any confidential information shall not, under any circumstances, be deemed a

[Proposed] Protective Order

waiver, in whole or in part, of the confidentiality of the confidential information in question. If a party should inadvertently produce any confidential information not responsive to a formal request for production and/or an order of the Court, the recipient shall immediately return the confidential information, including all copies thereof, and shall make no use of the confidential information for any purpose.

18. In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

19. This Order shall be binding upon all persons who receive actual notice of its contents. The parties to this litigation, their attorneys, and the employees, consultants and other persons employed or retained by the parties or their attorneys, submit to the jurisdiction of this Court for the purposes of enforcing this order.

20. Any use of Confidential Material at trial shall be governed by a separate agreement or order.

IT IS SO ORDERED.

DATED: September 17, 2014     / s /
                              Hon. Alka Sagar
                              United States Magistrate Judge

[Proposed] Protective Order